Filed 7/14/26  P. v. Sanchez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>IGNACIO HERNANDEZ SANCHEZ,<br><br>Defendant and Appellant. | F090292<br><br>(Super. Ct. No. F18902753)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Detjen, J. and DeSantos, J.

## INTRODUCTION

Appellant and defendant Ignacio Hernandez Sanchez (appellant) was convicted after a jury trial of second degree murder with a firearm enhancement and a prior strike conviction. He was sentenced to an aggregate term of 70 years to life. On appeal, his conviction was affirmed but the matter was remanded for the trial court to decide whether to exercise its discretion to strike or reduce the term imposed for the firearm enhancement.

On remand, the trial court declined to exercise its discretion and again sentenced appellant to 70 years to life. On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## PROCEDURAL BACKGROUND

On May 1, 2018, an information was filed in the Fresno County Superior Court charging appellant with count 1, murder (Pen. Code,[1] § 187, subd. (a)) with a firearm enhancement (§ 12022.53, subd. (d)). It was further alleged appellant had two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and other prior conviction allegations (§ 667.5, subds. (a), (b)).

On June 28, 2018, after a jury trial, appellant was convicted of second degree murder, and the section 12022.53, subdivision (d) firearm enhancement was found true. Appellant admitted the prior conviction allegations.

On November 1, 2019, appellant was sentenced to 45 years to life for count 1, second degree murder, plus a consecutive term of 25 years to life for the firearm enhancement, for an aggregate term of 70 years to life. The court ordered the sentences for the prior prison term enhancements stricken.

---

[1] All further statutory citations are to the Penal Code.

On March 23, 2023, the Second District Court of Appeal, Division 8, filed the nonpublished opinion in appellant's direct appeal. (*People v. Sanchez* (Mar. 23, 2023, B322568) [nonpub. opn.].)[2] The Second District affirmed appellant's murder conviction. However, it remanded the matter for resentencing because the trial court did not understand the scope of its discretion to strike the section 12022.53, subdivision (d) firearm enhancement or impose a lesser enhancement. It also ordered the trial court to strike the true findings for the prior prison term enhancements since they were no longer valid after statutory amendments, and correct appellant's presentence custody credits.

On June 9, 2025, the trial court conducted the resentencing hearing on remand. The trial court ordered the jury's true findings on the section 667.5, subdivision (b) prior prison term enhancements stricken because they were now unauthorized by law, and dismissed the section 667.5, subdivision (a) enhancement pursuant to section 1385. The court declined to exercise its discretion to either strike or impose a lesser firearm enhancement. It again sentenced appellant to 45 years to life for second degree murder plus 25 years to life for the firearm enhancement for the aggregate term of 70 years to life, and corrected his time credits.

On August 7, 2025, appellant filed a timely notice of appeal from the resentencing hearing.

### DISCUSSION

As noted above, appellate counsel filed a *Wende* brief with this court on February 17, 2026, with the proof of service showing it was sent to appellant at the California Department of Corrections and Rehabilitation. Attached to the brief was appellate counsel's declaration that counsel advised appellant that he "may personally file a supplemental brief in this case raising any issues which he wishes to call to the court's

---

[2] Appellant filed a timely notice of appeal in this court (*People v. Sanchez*, F080246). On August 9, 2022, the California Supreme Court ordered this appeal transferred to the Second Appellate District.

attention within 30 days." Appellate counsel advised this court that he had "no record or recollection of appellant's opening brief being returned to [his] office." Appellant did not file a supplemental brief.

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.